UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv40-FDW

| DONALD RAY CLINE, Jr., | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MICHAEL BALL, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Donald Ray Cline, Jr.'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Respondent's Motion to Dismiss. (Doc. No. 5.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, on January 22, 2010, in the Superior Court of Iredell County, pled "no contest" pursuant to a plea agreement to attempted statutory rape and taking indecent liberties with a child. (Plea Tr. 24-27, Doc. No. 1-1.) He was sentenced on January 27, 2010 to 135-171 months imprisonment for the attempted statutory rape conviction and given a 15-18 month suspended sentence for the indecent liberties conviction. (J. and Commitment Forms 30-33, Doc. No. 1-1.)

On February 17, 2010, Petitioner dated and placed a pro se motion and notice of appeal in the prison mail system. (Mot. & Notice 21-23, Doc. No. 1-1.) On March 3, 2010, Petitioner dated and placed a pro se motion for preparation of a stenographic transcript in the prison mailbox. (Mot. for Tr. 1-5, Doc. No. 1-1.) It was docketed in the Superior Court of Iredell County on March 9, 2010 (Mot. for Tr., supra, at 1), and denied on March 16, 2010 (Order Den.

1

Mot. for Tr. 19, Doc. No. 1-1). Although placed in the prison mailbox first, Petitioner's notice of appeal was not received by the Iredell County Superior Court until March 16, 2010. (Letter 20, Doc. No. 1-1.) The Clerk of that court notified Petitioner by letter dated March 17, 2010 that the notice of appeal was untimely. (Letter, supra.)

On March 19, 2012, Petitioner, through retained counsel, filed a motion for appropriate relief ("MAR") in the Superior Court of Iredell County. (MAR 1-15, Doc. No. 1-2.) It was denied on the merits on December 7, 2012. (Order Den. MAR 43-44, Doc. No. 1-2.)

On April 16, 2013, counsel filed a certiorari petition in the North Carolina Court of Appeals on Petitioner's behalf. (NCCOA Cert. Pet. 9-23, Doc. No. 1-3.) It was denied on May 17, 2013. (Order Den. Cert. Pet., Doc. No. 6-2.) On June 23, 2014, counsel filed a certiorari petition in the North Carolina Supreme Court (NCSC Cert. Pet. 1-74, Doc. No. 1-4), which was dismissed on October 13, 2014 (Order Dismissing Cert. Pet. 75, Doc. No. 1-4).

Petitioner placed the instant federal habeas Petition in the prison mail system on October 16, 2015. (Pet. 22, Doc. No. 1.) It was docketed in the District Court for the Middle District of North Carolina on October 26, 2015. (Doc. No. 1.) Respondent filed an Answer, Motion to Dismiss, and supporting brief. (Doc. Nos. 4-6.) Petitioner filed a Response and Supplemental Response. (Doc. Nos. 10-11.) On February 22, 2016, the instant action was transferred from the Middle District of North Carolina to this District where venue is proper based upon Petitioner's incarceration for his Iredell County convictions. (Doc. No. 13.)

## II. LEGAL STANDARD

Respondent moves to dismiss the instant action on the grounds that it is untimely under 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

provides a statute of limitations for § 2254 petitions by persons in custody pursuant to a state court judgment. § 2244(d)(1). The petition must be filed within one year of the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

## II.   DISCUSSION

Petitioner's statute of limitations began to run on the date on which judgment became final. See § 2244(d)(1)(A).[1] Judgment was entered on January 27, 2010, when Petitioner was sentenced. Petitioner then had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a timely notice of appeal, his conviction became final on February 10, 2010, when the time for seeking direct review expired. See § 2244(d)(1)(A). The federal statute of limitations then proceeded to run for 365 days until it fully expired on February 10, 2011, more than four years before Petitioner placed the instant habeas petition in the prison mailbox.

Petitioner's March 12, 2012 MAR neither tolled nor restarted the federal statute of

---

[1] Petitioner does not contend that § 2244(d)(1)(B), (C), or (D) is applicable in his case. Moreover, the Court has reviewed Petitioner's Response (Doc. No. 10) and Supplemental Response (Doc. No. 11) to the Motion to Dismiss and finds that nothing in them indicates that Petitioner may be entitled to statutory tolling under those provisions.

3

limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period) (citing 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")). Thus, Petitioner's habeas petition is time-barred and must be dismissed unless he can demonstrate that he is entitled to equitable tolling.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner's arguments in support of equitable tolling relate to alleged ineffectiveness of trial and post-conviction counsel. See Holland, 560 U.S. at 651-52 (recognizing that some attorney misconduct could satisfy the "extraordinary circumstance" requirement). Petitioner asserts that equitable tolling should apply because his trial attorney failed to file a timely appeal after promising Petitioner that he would do so. (Resp., Doc. No. 10; Supp. Resp., Doc. No. 11.) The Court is skeptical of this assertion. Petitioner does not mention trial counsel's alleged promise, or failure to follow through, anywhere in his habeas Petition, including the section in which he is required to explain why the Petition is being filed outside the one-year statutory time

period. (Pet. 21, Doc. No. 1.) Additionally, Petitioner did not raise any claim related to trial counsel's alleged failure to file a promised notice of appeal in his MAR.

Regardless, Petitioner mailed his own notice of appeal to the Clerk of Iredell County Superior Court on February 17, 2010 (Mot. & Notice 21-23, Doc. No. 1-1), which demonstrates that he knew by then that his attorney had not filed an appeal. Petitioner has failed to articulate how trial counsel's alleged failure to file a timely notice of appeal impeded Petitioner's ability to file a federal habeas petition within the 358 days that remained before the statute of limitations expired.

A different attorney was retained on July 8, 2010 to assist Petitioner with state post-conviction proceedings. (Letter, Pet'r's Ex. B-1, Doc. No. 11-4.) At that point, the statute of limitations had run for 147 days. As noted, counsel filed an MAR on Petitioner's behalf on March 19, 2012. Had counsel filed the MAR before February 10, 2011, the federal statute of limitations would have been tolled throughout most of the ensuing proceedings in state court. See § 2244(d)(2).

Assuming for the sake of argument that Petitioner was entitled to equitable tolling based on counsel's failure to file the MAR before the federal statute of limitations expired, the statute would have been tolled only until May 17, 2013, when the North Carolina Court of Appeals denied Petitioner's petition for writ of certiorari. (Order Den. Cert. Pet., Doc. No. 6-2.) Petitioner had no right to petition the North Carolina Supreme Court for further review. See N.C. Gen. Stat. § 7a-28(a) ("Decisions of the Court of Appeals upon review of [MARs] listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise."); N.C. R. App. P. 21(e) (providing that certiorari petitions seeking review of MARs in non-capital cases "shall be filed with the Court of Appeals

5

and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases"). Therefore, Petitioner's certiorari petition in the state Supreme Court would not have continued to toll the federal statute of limitations. See § 2244(d)(2) (requiring that applications for state post-conviction review be "properly filed"). Consequently, the statute of limitations would have expired 218 days after the state Court of Appeals denied certiorari -- on or about December 27, 2013 -- almost two years before Petitioner filed the instant habeas Petition.

Even under the most generous equitable tolling, to account for post-conviction counsel's improperly filed certiorari petition in the North Carolina Supreme Court, the habeas Petition is untimely. The court dismissed the certiorari petition on October 13, 2014. Rather than filing a federal habeas petition, however, Petitioner first sought executive clemency. (Supp. Resp. 6, Doc. No. 11.)[2] An application for executive clemency does not initiate statutory tolling under § 2244(d)(2) because it is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." See Wall v. Kholi, 562 U.S. 545, 553 (2011) (defining "collateral review" under § 2244(d)(2) as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process.") In North Carolina, clemency decisions are made by the Governor, and there is no "judicial reexamination" of the underlying judgment. See N.C. Const. art. III, § 5(6); Bacon v. Lee, 549 S.E.2d 840 (N.C. 2001). Thus, the federal statute of limitations would have expired 218 days after the certiorari petition was dismissed -- on or about May 19, 2015.

Petitioner's decision to seek clemency before filing his habeas Petition hardly constitutes

---

[2] Petitioner filed his application for clemency on or about March 19, 2015; it was denied on September 4, 2015. (Supp. Resp. 6, Doc. No. 11.)

an extraordinary circumstance outside his own control. See Holland, 560 U.S. at 649. Furthermore, Petitioner's lack of knowledge about legal processes or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")). Moreover, Petitioner acknowledges that he did not begin working on his federal habeas Petition until September 2015. (Pet'r's Supp. Resp., supra.)

In short, Petitioner has demonstrated neither the diligence nor extraordinary circumstances required to justify equitable tolling in this case. See Holland, 560 U.S. at 649. His Petition is untimely and must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely;

2) Respondent's Motion to Dismiss (Doc. No. 5) is **GRANTED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable,

and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: June 13, 2016

Frank D. Whitney
Chief United States District Judge